IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KENOSHA SHONTATE STRAIN,** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. _____** |
| § | |
| **CITIMORTGAGE, INC.** § | |

**DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), Defendant CitiMortgage, Inc. ("**Citi**" or "**Defendant**") files this Notice of Removal from the Harris County Civil Court at Law No. 4 to the United States District Court for the Southern District of Texas, Houston Division. Defendant files this Notice of Removal with full reservation of any and all rights, defenses, and objections.

**INTRODUCTION**

1. On October 22, 2018, Plaintiff Kenosha Shontate Strain ("**Plaintiff**") filed a lawsuit against Citi styled *Kenosha Shontate Strain v. CitiMortgage, Inc.*, Cause No. 1120221, in the Harris County Civil Court at Law No. 4 (the "**Complaint**"). A true and correct copy of Plaintiff's Complaint is attached hereto as ***Exhibit A***.

2. Plaintiff's lawsuit arises from property located at 1403 Stone Bluff Drive, Houston, Texas 77073 (the "**Property**"). Plaintiff alleges that she is the owner of the Property and that Defendant unlawfully entered upon and dispossessed Plaintiff of the Property.[1] In the Complaint, Plaintiff alleges that she is entitled to title and possession of the Property, and that the

---

[1] *See* **Exhibit A**, at p. 1.

1

"value of the premises during [her] occupancy [was] $120,000[,]" and that she has suffered damages "in the sum of $120,000."[2]

3. The citation and petition in this action were served on Citi on December 19, 2018. ***Exhibit B***. As such, this notice of removal is timely filed within 30 days of receipt of the citation and petition under 28 U.S.C. § 1446(b).

## PROCEDURAL REQUIREMENTS

4. In accordance with Southern District Local Rule 81 and 28 U.S.C. § 1446(a), the following are attached:

5. Copies of all pleadings, executed process, orders, and other filings in the state-court suit are attached hereto as ***Exhibit C***.

6. The docket sheet is attached hereto as ***Exhibit D.***

7. A list of all counsel of record, including addresses, telephone numbers, and parties represented is attached hereto as ***Exhibit E***. Plaintiff is Pro Se. *See* ***Exhibits A and D.***

8. An index of matters being filed is attached hereto as ***Exhibit F***.

9. No Motions or other matters in this action are pending before the state court. There have been no orders signed by the state court.

10. Written notice of the filing of this Notice of Removal has been provided to all parties and will be promptly filed with the Harris County Civil Court at Law No. 4.

---

[2] *See id.* at p. 2.

## GROUNDS FOR REMOVAL

11. Removal of this case is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a).

### I. Complete Diversity Exists.

12. Plaintiff "is an individual residing in Harris County, Texas."[3] Thus, Plaintiff is a citizen of the State of Texas.

13. Citi is a corporation organized under the laws of New York and it maintains its principal place of business in Missouri.[4] Thus, Citi is deemed a citizen of New York and Missouri for diversity purposes. 28 U.S.C. § 1332(c)(1).

### II. Amount in Controversy Exceeds $75,000.00.

14. Plaintiff's Complaint alleges that she seeks title and possession of the Property and that the "value of the premises during [defendant's] occupancy [was] $120,000[.]"[5] In cases such as this one, where a plaintiff seeks to preserve her alleged right to possession or an ownership interest in property, the amount in controversy is the value of the property.[6] The

---

[3] *See* **Exhibit A**, at p. 1.

[4] *See* **Exhibit G**, the Declaration of Pamela Farmer, Citi's business operations analyst and custodian of records. Citi's Business Entity Information contained on the New York Secretary of State's website, is attached thereto as **Exhibit G-1** and incorporated by reference; Citi's 2018 Annual Registration Report, is attached thereto as **Exhibit G-2** and incorporated by reference; Citi's Certificate of Merger, is attached thereto as **Exhibit G-3** and incorporated by reference. Citi also asks the Court to take judicial notice of the information contained in the business entity documents attached as Exhibits G-1, G-2, and G-3. Citi's state of incorporation and principal place of business can be accurately and readily determined from the documents. The accuracy of the attached records cannot reasonably be questioned. FED. R. EVID. 201(b)(2).

[5] S*ee* **Exhibit A**, at p 1, 2.

[6] *See, e.g.*, *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961) ("When . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions . . . preserving an individual's ownership interest, it is the property itself that is the objection of the litigation; the value of that property represents the amount in controversy."); *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1043, 1047–48 (W.D. Tex.

value of the Property is over $75,000.00. Citi recently sold the Property to a third party for $134,322.78.[7] Further, according to the Harris County Appraisal District Records, the fair market value of the Property is approximately $160,000.[8] This evidence is more than sufficient to establish that the amount in controversy exceeds $75,000.

15. Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the suit has been pending is located in this district. *See* 28 U.S.C. § 124(b)(2) ("The Southern District comprises seven divisions . . . . The Houston Division comprises the counties of . . . Harris . . . .").

16. Defendant reserves all rights, defenses and objections, including but not limited to defenses and objections to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

## CONCLUSION

For the reasons discussed above, Defendant CitiMortgage, Inc., respectfully asks that the Court remove this suit from the Harris County Civil Court at Law No. 4 to the United States District Court for the Southern District of Texas, Houston Division.

---

2010) (holding that the value of the property is the proper measure of the amount in controversy when "the plaintiff seeks to protect or enforce . . . the right to peaceful possession of a home" or "quiet and continued enjoyment of his property," or "prevent or undo the lender's sale of the property."); *Majanomejia v. Vendor Res. Mgmt.*, No. 6:17-cv-189-RP-JCM, 2017 U.S. Dist. LEXIS 172651, at *12 (W.D. Tex. 2017) ("Any suit that involves a dispute over title to land is, in effect, an action in trespass to try title, whatever its form.") (quoting *Hawk v. E. K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied)); *Republic Nat'l Bank v. Rogers*, 575 S.W.2d 643, 646 (Tex. Civ. App.—Waco 1978) (holding that in an action in federal court "to try title . . . the value of the property in question would as a matter of law be included in determining the amount in controversy.").

[7] *See* the "Master Statement" attached to ***Exhibit G*** as ***Exhibit G-4*** and incorporated by reference.[7]

[8] *See* the Harris County Appraisal District Records attached as ***Exhibit H*** and incorporated by reference; *Martinez*, 777 F. Supp. 2d at 1047 (holding that the "current appraised fair market value of the Property according to the . . . Appraisal District" is an appropriate method of calculating the amount in controversy). Citi also asks the Court to take judicial notice of the current appraised value of the property located at 1403 Stone Bluff Drive, Houston, Texas 77073. The current appraised value is $160,000 and can be accurately and readily determined from the certified Harris County Appraisal District Records attached as Exhibit H. The accuracy of the attached records cannot reasonably be questioned. FED. R. EVID. 201(b)(2).

        Respectfully submitted,

        **ADAMS AND REESE LLP**

        By:    */s/ Evan A. Moeller*
                Evan A. Moeller – Attorney-in-Charge
                State Bar No. 24051067
                SDTX Bar No. 664837
                Evan.Moeller@arlaw.com
                1221 McKinney, Suite 4400
                Houston, Texas 77010
                Telephone:  (713) 652-5151
                Telecopier:  (713) 652-5152

        **ATTORNEY-IN-CHARGE FOR DEFENDANT, CITIMORTGAGE, INC.**

OF COUNSEL:
Adams and Reese LLP
Collin M. Weyand
State Bar No. 24106763
SDTX Bar No. 3251459
Collin.Weyand@arlaw.com
1221 McKinney, Suite 4400
Houston, Texas 77010
Telephone:  (713) 652-5151
Telecopier:  (713) 652-5152

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on Plaintiff on this 14th day of January, 2019.

Kenosha Shontate Strain AKA Kenosha Robertson
1403 Stone Bluff Dr. Houston, TX 77014
strainkenosha@yahoo.com

*Pro Se Plaintiff*

                                                    */s/ Evan A. Moeller*
                                                    Evan A. Moeller